UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IBRAHIM A ARRAHIM,

        Plaintiff,

v.

PETER K. CHO, et al.,

        Defendants.

CASE NO. C17-1873-MJP

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on Defendant Port of Seattle Police Officers A. Ignatov and T. Haggin's Motion for Summary Judgment. (Dkt. No. 11.) Plaintiff has not filed a response. Having considered the Motion and related papers, the Court GRANTS the Motion for Summary Judgment.

**Background**

Plaintiff Ibrahim Arrahim brings this civil rights action against the Transportation Security Administration ("TSA"), Transportation Security Manager Peter K. Cho, and Port of Seattle Police Officers A. Ignatov and T. Haggin. (See Dkt. Nos. 3, 6.) Plaintiff claims that while traveling from the Seattle Tacoma International Airport to Washington, D.C. in September

2016, he was subjected to an unconstitutional search and detained for over thirty minutes. (Dkt. No. 3-1 at 1.) Specifically, Plaintiff claims:

> I entered into the screening area of the Seattle airport. After being screened by the X-ray machine I was ask to be pat down which I fully cooperated with the officers. Next, I was ask to have my luggage physically search and I cooperated. I was asked again to have my hands to be tested and cooperated. I mentioned to the TSA Officers that I have a medical condition and to be asked to remove and lift articles of clothing to reveal sensitive body areas. It is a total violation of my secured and protected rights. I was held in the secured area of the airport for over thirty (30) minutes which is a constitutional violation of my rights. My person was search and touch by TSA Department of Homeland Security personnel Officer Tran. Police Officer A. Ignatov (#350) and Police Officer T. Haggin (3118) accused [me] of having fake ID. I was patted down (5) five times and luggages was search (4) times. My hands was also tested numerous times.

(Id. at 7.) Plaintiff does not allege that Officers Ignatov or Haggin searched or detained Plaintiff or his property. (Id.) Plaintiff asserts claims for violations of the First, Fourth, and Fifth Amendments to the U.S. Constitution, 42 U.S.C. § 1983, and 28 U.S.C. § 2672. (Dkt. No. 3 at 3.)

**Discussion**

**I.    Legal Standard**

Summary judgment is proper where "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To rebut a motion for summary judgment, the non-movant must point to facts supported by the record which demonstrate a genuine issue of material fact. Lujan v. National Wildlife Foundation, 497 U.S. 871, 888 (1990). Conclusory, non-specific statements are not sufficient and "missing facts" will not be presumed. Id. at 889.

## II. Port of Seattle Police Officers' Liability

Officers Ignatov and Haggin contend that Plaintiff has failed to offer any evidence that they violated his constitutional rights or encouraged others to do so. (Dkt. No. 11 at 2.) To the contrary, they claim they "did nothing more than standby while TSA completed its statutory duties." (Id. at 4.) A case report generated by Officer Ignatov following the incident notes:

> On September 10, 2016 . . . I was dispatched to the secondary screening area at check point two (at Seattle Tacoma International Airport) for an uncooperative passenger. Dispatch advised that a passenger did not want to allow TSA to perform a secondary screening after they located a suspicious item around his groin area.
>
> After I arrived on the scene, I spoke to the passenger . . . who advised me that the item around his groin area was a medical devise for his hernia.
>
> Arrahim eventually agreed to TSA's secondary screening and was cleared by TSA. Arrahim was allowed to continue his travels. . . .

(Dkt. No. 12-2 at 3.)

Even assuming that Officers Ignatov and Haggin did assist in searching or detaining Plaintiff or his property, such facts – without more – do not give rise to the constitutional violations alleged by Plaintiff. The Ninth Circuit has held that airport screening searches like the one at issue here are constitutionally reasonable because they are "conducted as part of a general regulatory scheme in furtherance of an administrative purpose, namely, to prevent the carrying of weapons or explosives aboard aircraft, and thereby to prevent hijackings." United States v. Aukai, 497 F.3d 955, 960 (9th Cir. 2007) (quoting United States v. Davis, 482 F.2d 893, 908 (9th Cir. 1973)). The reasonableness of airport searches is not dependent upon consent, but instead requires only that the search be "no more extensive nor intensive than necessary, in light of current technology, to detect the presence of weapons or explosives" and "confined in good faith to that purpose." Id. at 962 (quoting Davis, 497 F.2d at 913). While a detention might become unlawful if it is "prolonged beyond the time reasonably required to complete [its] mission," id. at

963, the uncontested record indicates that Plaintiff was cleared once he "agreed to TSA's secondary screening." (See Dkt. No. 12-2 at 3.) Thus, Plaintiff has failed to establish either that the search of his person and property was more extensive or intensive than necessary, or that it was unreasonably prolonged.

**Conclusion**

Even viewing the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to present evidence of any constitutional violations by Officers Ignatov and Haggin. Therefore, the Court GRANTS Defendants Ignatov and Haggins' Motion for Summary Judgment in its entirety.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 28, 2018.

Marsha J. Pechman
United States District Judge