UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| IBRAHIM A ARRAHIM, | CASE NO. C17-1873-MJP |
|---|---|
| Plaintiff, | ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND DENYING MOTION TO APPOINT COUNSEL |
| v. | |
| PETER K. CHO, et al., | |
| Defendants. | |

THIS MATTER comes before the Court on Plaintiff's Response to the Court's Order to Show Cause (Dkt. No. 22) and Plaintiff's Motion to Appoint Counsel (Dkt. No. 18.) The Court's Order to Show Cause directed Plaintiff to show cause why this case should not be dismissed without prejudice for failure to prosecute. (<u>See</u> Dkt. No. 21.) Having considered Plaintiff's Response, the Court hereby ORDERS that this action be DISMISSED without prejudice for failure to prosecute. The Court DENIES Plaintiff's Motion to Appoint Counsel.

Pro Se Plaintiff Ibrahim Arrahim filed this action against the Transportation Security Administration ("TSA"); Transportation Security Manager Peter K. Cho (collectively, the "TSA Defendants") and Port of Seattle Police Officers A. Ignatov and T. Haggin (collectively, the "Port of Seattle Defendants") on December 15, 2017.[1] (Dkt. No. 1, Ex. 1; Dkt. No. 6.) Plaintiff claimed that while traveling from the Seattle-Tacoma International Airport in December 2016, he was detained for over thirty minutes and was released only when he agreed to submit to secondary screening. (See Dkt. No. 3, Ex. 1.)

On January 16, 2018, the Court ordered the parties to submit a joint status report no later than February 27, 2018. (Dkt. No. 8.) On February 12, 2018, the Court extended the deadline to March 27, 2018. (Dkt. No. 14.) On March 26, 2018, the Court again extended the deadline to April 6, 2018. (Dkt. No. 17.) On April 6, 2018, Plaintiff filed what purported to be a joint status report, without participation by Defendants. (Dkt. No. 19.) In that submission, Plaintiff stated that "the defendants attorneys are unknown to the Plaintiff." (Id. at 1.) That same day, Plaintiff filed a Motion to Appoint Counsel. (Dkt. No. 18.) On April 17, 2018, the Court entered an Order noting that "[t]o date, Plaintiff has not provided proof that proper service of the Summons, Complaint, or Amended Complaint has been made on Defendants Peter K. Cho, Transportation Security Manager, or TSA Claims Management Branch in the manner required by Fed. R. Civ. P. 4(i)." (Dkt. No. 21 at 1.) The Court ordered plaintiff to file a proper proof of service or to show cause by April 30, 2018 why this matter should not be dismissed for failure to prosecute. (Id.) On April 30, 2018, Plaintiff filed a Response stating that "limited knowledge about court

---

[1] On January 11, 2018, counsel for the Port of Seattle Defendants entered an appearance. (Dkt. No. 9.) In their Answer, the Port of Seattle Defendants stated that "the summons and complaint were never properly served upon the Defendants or . . . the process served was insufficient." (Dkt. No. 10 at 1.) Thereafter, the Port of Seattle Defendants filed a motion for summary judgment (Dkt. No. 11), which the Court granted in its entirety (Dkt. No. 15).

proceedings and practices takes assurances of giving favorable opportunities to the professional attorneys for the defendants with the education to proceed in the proper manners of the court," and again requesting appointment of counsel. (Dkt. No. 22 at 1-3.)

## Discussion

### I. Motion to Appoint Counsel

Generally, a person has no right to counsel in civil actions. See Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998). A court has discretion to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1), but an appointment of counsel should only be granted under "exceptional circumstances." Agyeman v. Corrections Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff contends that the TSA Defendants are liable under 42 U.S.C. § 1983 and the Federal Tort Claims Act, 42 U.S.C. § 2672, for violations of his First, Fourth, and Fifth Amendment rights. (Dkt. No. 6 at 3.) From the face of his complaint, it appears that Plaintiff is unlikely to succeed on the merits of these claims. The Ninth Circuit has held that airport screening searches like the one alleged by Plaintiff are constitutionally reasonable because they are "conducted as part of a general regulatory scheme in furtherance of an administrative purpose, namely, to prevent the carrying of weapons or explosives aboard aircraft, and thereby to prevent hijackings." United States v. Aukai, 497 F.3d 955, 960 (9th Cir. 2007) (quoting United States v. Davis, 482 F.2d 893, 908 (9th Cir. 1973)). The reasonableness of airport searches is not dependent upon consent, but instead requires only that the search be "no more extensive nor

1 intensive than necessary, in light of current technology, to detect the presence of weapons or

2 explosives" and "confined in good faith to that purpose." Id. at 962 (quoting Davis, 497 F.2d at

3 913). While a detention might become unlawful if it is unreasonably prolonged, Plaintiff's

4 complaint indicates that he was cleared once he submitted to TSA's secondary screening. (See

5 Dkt. No. 3, Ex. 1.)

Because Plaintiff failed to establish either that the search of his person and property was more extensive or intensive than necessary or that it was unreasonably prolonged, the Court finds that Plaintiff is not likely to succeed on the merits of his claims. Therefore, the Court DENIES the Motion to Appoint Counsel.

## II. Failure to Prosecute

In determining whether to dismiss a claim for failure to prosecute or comply with a Court order, the Court must assess the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Pagtalunun v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

### a. Public's Interest in Expeditious Resolution of Litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Plaintiff has failed to serve Defendants for more than five months. Thus, this factor weighs in favor of dismissal.

### b. Court's Need to Manage its Docket

"It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants," including pro se litigants. Id. (quoting Ferdik v. Bonzelet, 963 F.2d

1258, 1261 (9th Cir. 1992)). Plaintiff's failure to prosecute has already required the Court to devote time and resources to additional motions and orders. (See Dkt. Nos. 14, 17, 21.) The Court has already granted Plaintiff repeated continuances to submit a Joint Status Report and provide a proper proof of service. (Id.) Plaintiff has offered no clear explanation as to what actions, if any, he has taken to comply. See Pagtalunan, 291 F.3d at 643. Thus, this factor weighs in favor of dismissal.

### c. Risk of Prejudice to Defendants/Respondents

The TSA Defendants have not entered appearances or responded in this action, presumably because they have yet to be served with the complaint and related papers. The TSA Defendants' ability to defend themselves against Plaintiff's allegations is undoubtedly impaired by Plaintiff's failure to effect proper service. Thus, this factor weighs in favor of dismissal.

### d. Availability of Less Drastic Alternatives

The Court has extended the deadline to submit a Joint Status Report three times and has warned Plaintiff of the consequences of his failure to comply. (Dkt. Nos. 14, 17, 21.) In its Order to Show Cause, the Court even identified to Plaintiff the specific statutory provision by which he was required to effect service. (See Dkt. No. 21 at 1.) Thus, this factor weighs in favor of dismissal.

### e. Public Policy Favoring Disposition of Cases on their Merits

While public policy generally favors disposition of cases on the merits, the Court has found, supra, that Plaintiff is unlikely to succeed on the merits of each of his claims. Thus, this factor weighs in favor of dismissal.

**Conclusion**

Because Plaintiff has failed to prosecute his case and has failed to demonstrate that he is likely to succeed on the merits of his claims, the Court DISMISSES this action without prejudice and DENIES Plaintiff's Motion to Appoint Counsel.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 3, 2018.

Marsha J. Pechman
United States District Judge